**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY<br><br>Plaintiff,<br><br>-v-<br><br>RAFAL GAJOWCZYK and PATRICK GAJOWCZYK,<br><br>Defendants. | Case No. 8:26-cv-03040 |

## Complaint for Interpleader

Plaintiff Massachusetts Mutual Life Insurance Company ("MassMutual"), by and through its undersigned attorneys, files this Complaint for Interpleader against Defendants Rafal Gajowczyk and Patrick Gajowczyk (collectively "Defendants") pursuant to Federal Rule of Civil Procedure 22, 28 U.S.C. § 1332, and 28 U.S.C. § 1335, and in doing so, states as follows:

## Nature of Action

1. In this interpleader action, MassMutual seeks a determination from the Court regarding the proper beneficiary of a portion of the death benefit proceeds (the "Policy Proceeds") that are payable under MassMutual Life Insurance Policy No. [redacted] (the "Policy") issued on the life of Barbara Gajowczyk (the "Insured").

2. MassMutual has received competing claims to the Policy Proceeds from the Defendants such that it cannot pay any claimant without incurring the risk of multiple liability. In this case, the Policy's current designated co-primary beneficiary is Rafal Gajowczyk and so Rafal would ostensibly receive the funds based on the Policy designation. However, Rafal is accused of unlawfully killing the Insured and has been indicted for murder. Under the Florida slayer statute, Florida Statutes § 732.802, an insurer is prohibited from paying a beneficiary accused of unlawfully and intentionally killing the insured. At the same time, MassMutual could face liability for wrongfully withholding payments owed to a beneficiary. Because there has been no final judgment or conviction of murder, MassMutual remains unable to determine who is entitled to the Policy Proceeds.

3. MassMutual is indifferent to and has no stake regarding which of the Defendants is entitled to the death benefits under the Policy and seeks an Order from this Court permitting it to deposit the Policy Proceeds with the Court Registry and discharging MassMutual from further liability as to the Policy Proceeds.

## **Parties and Jurisdiction**

4. MassMutual is a mutual insurance company duly organized and existing under the laws of the Commonwealth of Massachusetts with its principal place of business in Springfield, Massachusetts.

5. Patrick Gajowczyk resides at 2212 Timberwood Cir N, Tallahassee, Florida 32304, and is a citizen of Florida.

6. Rafal Gajowczyk's last known permanent residence was located at 1904 54th Terrace S, St. Petersburg, Florida 33712. Upon information and belief, Rafal is currently committed to the Florida Department of Children and Families and resides at a treatment facility designated by the Department. Rafal is a citizen of Florida.

7. The total death benefit value of the Policy is $300,000, exclusive of interest and costs. The remaining value of the Policy Proceeds at issue is $150,000, exclusive of interest and costs.

8. This Court thus has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 and § 1335. There is complete diversity of citizenship between MassMutual and the Defendants, and the amount in controversy exceeds the jurisdictional threshold.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because one or more of the Defendants as claimants or potential claimants resides in this judicial district.

10. Pursuant to 28 U.S.C. § 1335(a), Fed. R. Civ. P. 22, and Fed. R. Civ. P. 67, MassMutual will hereafter file a motion for interpleader of proceeds, discharge,

dismissal with prejudice, and attorney's fees and costs seeking leave to deposit the contractual obligations due under the Policy into the registry of this Court.

## Factual Background

11. On March 11, 2013, MassMutual issued the Policy to Barbara Gajowczyk. A true and correct copy of the Policy is attached hereto as Exhibit A.

12. The equal primary beneficiaries under the Policy are Rafal and Patrick Gajowczyk. *See* Ex. A at 16.

13. The total face amount of the death benefit of the Policy is $300,000. *See* Ex. A at 10.

14. The Insured died on January 24, 2025.

15. The Insured's cause of death was ruled a homicide. A true and correct copy of the death certificate of the Insured is attached hereto as Exhibit B.

16. On or about February 21, 2025, Rafal was indicted by a grand jury of the State of Florida for murder in the first degree of the Insured. A true and correct copy of the indictment of Rafal Gajowczyk is attached hereto as Exhibit C.

17. On or about September 18, 2025, Rafal was ruled incompetent to proceed with any portion of the criminal proceedings against him. A true and correct copy of the Order Adjudging Defendant Rafal Gajowczyk Incompetent to Proceed is attached hereto as Exhibit D.

18. On or about February 25, 2025, Patrick submitted a claim for the death benefit under the Policy.

19. On or about March 7, 2025, MassMutual paid Patrick $150,655.88, representing 50% of the total death benefit.

20. On or about July 31, 2026, Patrick wrote to MassMutual requesting that MassMutual release Rafal's share of the death benefit under the Policy to Patrick under Florida Statutes § 732.802.

21. The Defendants have competing interests in the Policy Proceeds.

## **Count I – Interpleader**

22. MassMutual incorporates by reference each of the allegations above as if set forth herein at length.

23. The claims of the Defendants are adverse and conflicting, and MassMutual is unable to fully determine which party has the legal rights to the Policy Proceeds.

24. MassMutual faces liability under Florida Statutes § 732.802 if it were to pay out the Policy Proceeds to a beneficiary "who unlawfully and intentionally kill[ed]" the Insured.

25. MassMutual is therefore in the position of an innocent stakeholder faced with the possibility of multiple liability on a single obligation and incidental costs.

26. MassMutual has, at all times, been willing to perform all contractual obligations to the rightful beneficiary(ies) under the Policy.

27. MassMutual has filed this Complaint for Interpleader of its own free will to avoid multiple liabilities and unnecessary suits and costs, and unconditionally tenders the disputed contractual obligations coming due under the Policy into the Court's registry. MassMutual will abide by and perform on the Policy in accordance with the judgment of this Court.

## Prayer for Relief

**WHEREFORE**, Plaintiff Massachusetts Mutual Life Insurance Company requests:

a. That Defendants be required to interplead together their conflicting beneficiary claims to MassMutual Life Insurance Policy No. [redacted];

b. That Defendants be restrained and enjoined from instituting or prosecuting any action or proceeding in any State or United States Court affecting MassMutual Life Insurance Policy No. [redacted];

c. That the Court enter an order granting MassMutual's forthcoming Motion for Interpleader Of Proceeds, Discharge, Dismissal With Prejudice, And Attorney's Fees And Costs regarding the contractual obligations due under MassMutual Life Insurance Policy No. [redacted] into the registry of this Court;

d. That the Court enter a declaratory judgment awarding the proceeds of MassMutual Life Insurance Policy No. [redacted] and the rights thereunder to the rightful beneficiary(ies) under the Policy;

e. That MassMutual is released and discharged from all liability to any party to this action on account of the matters relating to the beneficiary(ies) under MassMutual Life Insurance Policy No. [redacted], conditioned only upon the compliance by MassMutual with the future order or judgment of the Court concerning the Policy;

f. That MassMutual be awarded its reasonable costs and attorney's fees; and

g. Such other and further relief, at law or in equity, to which MassMutual may be justly entitled.

Respectfully submitted,

**Dated:** October 6, 2026

FAEGRE DRINKER BIDDLE & REATH LLP

*/s/ Andrew J. Koehler*

Andrew J. Koehler
Florida Bar No. 1040358
FAEGRE DRINKER BIDDLE & REATH LLP
1500 Jackson Street, Suite 201
Fort Myers, FL 33901
Tel: (239) 286-6917
Fax: (239) 244-9053
andrew.koehler@faegredrinker.com

*Attorney For Plaintiff Massachusetts Mutual Life Insurance Company*